RECEIVED
IN LAKE CHARLES, LA.

FEB - 5 2014

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAREY DWAYNE DORSEY | * | CIVIL ACTION NO. 2:13-CV-2830 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| BOISE CASCADE, L.L.C., ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM ORDER

Before the court is the plaintiff's Motion to Strike [Doc. 29], to which the defendants, Protemp Staffing Solutions, Inc. (Protemp), and B. Gerald Weeks, have filed an Opposition [Doc. 31]. For the following reasons, the plaintiff's Motion is **DENIED**.

## FACTS & PROCEDURAL HISTORY

The *pro se* plaintiff, Carey Dwayne Dorsey, filed suit on October 7, 2013, against Protemp, Boise Cascade Co., f/k/a Boise Cascade, L.L.C. (Boise), and their attorney, B. Gerald Weeks (collectively, defendants).[1] The plaintiff seeks $300,000.00 in compensatory and punitive damages, and asserts a litany of claims against the defendants in connection with injuries that the plaintiff allegedly sustained while working at the Boise facility.[2]

The plaintiff's instant Motion seeks to strike from the record the defendants' Answer [Doc. 11], the Defendants's First Amending Answer and Motion to Withdraw [Doc. 18], and the defendants' Rule 7.1 Disclosure Statement [Doc. 17].[3] The plaintiff seeks that these filings be stricken pursuant to Rules 11(a), 11(b), and 12(f) of the Federal Rules of Civil Procedure, as well

---

[1] Compl. [Doc. 1], at 1.
[2] *See id.* at 4-5, 9.
[3] Mot. to Strike [Doc. 29], at 1.

1

as Local Rule 11.1.[4] The primary argument upon which the plaintiff relies is that the defendants' filings were unsigned as required by the Rules.

## LAW & ANALYSIS

Rule 11(a) of the Federal Rules of Civil Procedure states that

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

FED. R. CIV. PRO. 11(a). Rule 11(c) further provides for the availability of sanctions, either on motion by a party or on the court's own initiative. FED. R. CIV. PRO. 11(c); *see also* W.D. La. L.R. 11.1. Rule 12(f) empowers the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PRO. 12(f).

The defendants' filings herein were all accomplished through the Western District of Louisiana's Case Management/Electronic Case Files (CM/ECF) system. The Federal Rules of Civil Procedure authorize a court to, "by local rule, allow papers to be filed, signed, or verified by electronic means." FED. R. CIV. PRO. 5(d)(3). The Local Rules of the Western District of Louisiana permit such filings, as well as electronic signatures. *See* W.D. La. L.R. 5.7.01, 5.7.02, 5.7.08. The court finds that the defendants' filings herein have complied with the requisites of both the Local and Federal Rules. Moreover, the plaintiff consented to receive notice and service electronically on November 26, 2013.[5] As such, the striking of any of the defendants' filings at this time would be entirely improper.

The defendant also requests the entry of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure, which allows for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[4] *Id.* at 1-2.
[5] Consent to Receive Not. and Service Electronically [Doc. 21].

defend." FED. R. CIV. PRO. 55(a). Here, the defendants have timely filed an Answer [Doc. 11]. Moreover, the plaintiff has previously requested the entry of default against the defendants and has already been denied.[6]

The defendants note that the plaintiff's motion "is perilously close to becoming susceptible to its own violations of L.R. 11.1B, and sanctions therewith."[7] *Pro se* plaintiffs are entitled to somewhat more latitude to err and revise their pleadings than are parties represented by counsel. *See, e.g., Lisson v. I.N.G. Groep, N.V.*, 262 Fed. Appx. 567, 571 (5th Cir. 2007) (citations omitted). As such, the court is not inclined to levy sanctions upon the plaintiff at this time. Nevertheless, the plaintiff's filings demonstrate, at the very least, a familiarity with the process of submitting pleadings in civil litigation as well as a familiarity with the Federal Rules of Civil Procedure. As such, the plaintiff would be well advised to review the provisions of Federal Rule of Civil Procedure 11(c) with regard to the availability of sanctions.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Strike [Doc. 29] be and hereby is **DENIED** in its entirety.

Lake Charles, Louisiana, this 4 day of February, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] *See* Mot. for Entry of Default [Doc. 22]; Electronic Order Denying Mot. for Entry of Default [Doc. 25].
[7] Memo. in Response [Doc. 31], at 2.