RECEIVED
IN LAKE CHARLES, LA.

JUL 31 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAREY DWAYNE DORSEY** | * | **CIVIL ACTION NO. 2:13-cv-2830** |
| Plaintiff | * | |
| V. | * | **JUDGE PATRICIA MINALDI** |
| **BOISE CASCADE, L.L.C., ET AL.** | * | |
| Defendants | * | **MAGISTRATE JUDGE KAY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [Doc. 33] pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the defendant, B. Gerald Weeks, to which the *pro se* plaintiff has failed to file an Opposition. For the following reasons, the defendant's Motion [Doc. 33] is hereby **GRANTED**.

## FACTS & PROCEDURAL HISTORY

According to the Complaint [Doc. 1], Carey Dwayne Dorsey (plaintiff) inquired about a possible employment opportunity with Boise Cascade, L.L.C. (Boise), sometime between late June and early July of 2011.[1] On August 16, 2011, the plaintiff received a call from Boise to attend a new employee orientation that was to take place on August 19, 2011.[2] When the plaintiff arrived for the orientation, he was given an employment application by a representative of Protemp Staffing Solutions, Inc. (Protemp).[3] At the end of orientation, the plaintiff was told

---

[1] Compl. [Doc. 1], at 4.
[2] *Id.* at 5.
[3] *Id.* at 6.

1

that he was hired, and placed on a 90-day probationary period, after which he would be eligible to become a full time employee.[4] The plaintiff began working at Boise on August 22, 2011.[5]

On September 21, 2011, the plaintiff was allegedly injured while assisting a shift operator in the repair of a clogged wood chipping machine.[6] Although not entirely clear from the factual allegations set forth in the plaintiff's complaint, it appears that the plaintiff was using a long, metal, hooked pole to clear wood panels off of a conveyor belt of some kind when the malfunctioning machine sprung to life "with a quick full force and pulled and jerked [the plaintiff] off of the ground and back down," allegedly aggravating preexisting back injuries.[7] The plaintiff notified his on-duty supervisor, "Mr. Greg," of the accident, who instructed him to "take it easy" for the rest of the day.[8] No "Work Injury Report" was filed for the incident.[9]

The following day, the plaintiff alleges that he continued to experience pain from the injury, and he notified his other supervisor (name unknown) that he would be unable to attend work for the day due to his injury.[10] He informed the supervisor that no "Work Injury Report" was completed, at which time the supervisor transferred him to "Miss Anita" in Human Resources who completed the report.[11] The plaintiff inquired about whether he should seek medical assistance for his injuries or if there was a company doctor to whom he needed to speak, and Miss Anita informed the plaintiff that someone would contact him soon to provide him with all of the information he needed.[12]

---

[4] *Id.* at 9.
[5] *Id.* at 12.
[6] *Id.* at 13.
[7] Compl. [Doc. 1], at 13-14.
[8] *Id.* at 14.
[9] *Id.*
[10] *Id.* at 15.
[11] *Id.* at 16.
[12] *Id.* at 17.

2

Later that afternoon, on September 22, 2011, the plaintiff was contacted by Mr. Jerry Fryer, manager of Protemp, who informed the plaintiff that he was no longer employed at Boise for his failure to report for work.[13] The plaintiff then contacted his family physician who instructed him to go to an emergency room for treatment.[15] The plaintiff did not receive treatment until October 25, 2011, when the plaintiff states that herniated disks in his mid-back and neck as well as a degenerative disc in his lower back were discovered.[16]

The plaintiff thereafter lodged complaints with the Equal Employment Opportunity Commission (EEOC) against Protemp and Boise.[17] On September 10, 2013, the EEOC issued a Dismissal and Notice of Rights[18] advising the plaintiff that the EEOC was closing its file on the plaintiff's claim against Boise due to the lack of an employer-employee relationship.[19] On the same date, the EEOC issued a similar notice as to the claim against Protemp which stated that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes."[20]

The plaintiff filed suit against Boise, Protemp, "and their attorneys" on October 7, 2013.[21] In his complaint, the plaintiff alleges that the defendants committed violations of the Americans with Disabilities Act (ADA), and the Civil Rights Act of 1964.[22] The plaintiff

---

[13] *Id.*
[15] *Id.* at 19.
[16] *Id.*
[17] Compl. [Doc. 1], at 19. *See also* Charge of Discrimination against Boise, Jan. 13, 2012 [Doc. 1-1], at 2; Charge of Discrimination against Protemp, July 9, 2012 [Doc. 1-1], at 4.
[18] *See* Dismissal and Notice of Rights, Sept. 10, 2013 [Doc. 1-1], at 1.
[19] *Id.*
[20] *See* Dismissal and Notice of Rights, Sept. 10, 2013 [Doc. 1-1], at 3.
[21] *See generally* Compl. [Doc. 1].
[22] *Id.*

specifically alleges that he was wrongfully discharged due to injuries incurred while working for Protemp at Boise which aggravated his pre-existing neck and back pain.[23]

The defendant, Mr. Weeks, attorney for Protemp, filed a Rule 12(b) Motion to Dismiss [Doc. 33].[24] Mr. Weeks argues that the plaintiff has made no allegations against him, nor has he alleged any employment relationship which would give rise to any liability under any of the authorities cited by the plaintiff.[25] The defendant argues that there are no facts or theories under which Mr. Weeks could possibly be held liable under either Title VII or the ADA.[26]

## LAW & ANALYSIS

A Rule 12(b)(6) motion may be granted where a plaintiff fails to state a legally cognizable claim for which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., L.L.C.*, 541 F.3d 584, 587 (5th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A complaint must contain "direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio*, 444 F.3d 417, 420–21 (5th Cir. 2006) (citations omitted).

---

[23] *Id.* at 19.
[24] Mot. to Dismiss [Doc. 33].
[25] Memo. in Supp. [Doc. 33-1] at 1.
[26] *Id.* at 2.

Motions to dismiss under rule 12(b)(6) are generally "viewed with disfavor and [are] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (*citing Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir.2003)) (internal citations omitted). Courts address the "*sufficiency* of the facts plead, not their truth or the ultimate substantive application of those facts." *Bertrand v. Eli Lilly & Co.*, No. 12-0853, 2013 WL 4093556 *1 (W.D. La. Aug. 13, 2013) (emphasis in original).

The Americans with Disabilities Act prohibits an employer from discriminating against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). *See also Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 474 (5th Cir. 2006) (citation omitted). Under the Civil Rights Act of 1964, a civil action may be brought by an employee against an employer who engaged in unlawful intentional discrimination. 42 U.S.C. § 1981a.

According to both the Americans with Disabilities Act and the Civil Rights Act of 1964, an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C.A. § 12111(5)(A); 42 U.S.C.A. § 2000e(b). An "employee" is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4). "Recognizing the circularity in such a definition, the Supreme Court [has] explained that 'when Congress has used the term 'employee' without defining it, [the Court has] concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine.'" *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013) (citations omitted). The Fifth Circuit employs the "economic realities/common law control test" to determine whether

such a relationship exists. *Id.* (*citing Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988)).

The plaintiff has not alleged that Mr. Weeks was his employer, nor has he alleged that Mr. Weeks and the plaintiff had an employer-employee relationship. The plaintiff's complaint sets forth no factual allegations against Mr. Weeks whatsoever, and he certainly sets forth no facts which, even accepting the entirety of the plaintiff's complaint as true, would lead to a finding of liability on the part of Mr. Weeks under either the ADA or the Civil Rights Act of 1964. Viewing the record in its entirety, Mr. Weeks is simply one of the attorneys of record in this case, and no allegations have been set forth indicating that he took any part in the alleged events giving rise to the instant action. As such, a detailed analysis of the employer-employee relationship is not warranted at this time. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss [Doc. 33] be and hereby is **GRANTED**, and all claims asserted against the defendant, B. Gerald Weeks, in connection with the above captioned matter are hereby **DISMISSED, WITH PREJUDICE**.

Lake Charles, Louisiana, this ___ day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE