RECEIVED
IN LAKE CHARLES, LA.
OCT 21 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAREY DWAYNE DORSEY, | * | CIVIL ACTION NO. 2:13-cv-2830 |
| Plaintiff, | * | |
| v. | * | JUDGE PATRICIA MINALDI |
| BOISE CASCADE, L.L.C., ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

*********************************************************************

## MEMORANDUM RULING

Before the court are Boise Cascade, L.L.C.'s Motion for Summary Judgment [Doc. 46], and Protemp Staffing Solutions, Inc.'s Motion for Summary Judgment [Doc. 48].[1] The motions for summary judgment urge the same grounds for granting, so they will be considered together. The *pro se* plaintiff, Carey Dwayne Dorsey ("Dorsey"), has filed an Opposition [Doc. 53] to the motions for summary judgment, to which the defendants have filed a Joint Reply Memorandum in Support for Summary Judgment [Doc. 58], to which the plaintiff has filed a *sur* reply [Doc. 60], to which the defendants have filed a *sur* reply [Doc. 68], and to which the plaintiff has filed a response [Doc. 69] and a reply [Doc. 70].

Broadly construing Dorsey's filings, he has also filed a Motion for Summary Judgment [Doc. 53], to which the defendants have filed an Opposition [Doc. 58], to which the plaintiff has filed a reply [Doc. 60], to which the defendants have filed a *sur* reply [Doc. 68], and to which the plaintiff has filed a response [Doc. 69] and a reply [Doc. 70].

For the following reasons, Boise Cascade, L.L.C.'s Motion for Summary Judgment [Doc. 46] be and hereby is **GRANTED**, Protemp Staffing Solutions, Inc.'s Motion for Summary

---

[1] B. Gerald Weeks originally also joined in the motion, but all claims against B. Gerald Weeks were dismissed on August 1, 2014. *See* Order on Mot. to Dismiss for Failure to State a Claim [Doc. 55].

1

Judgment [Doc. 48] is **GRANTED**, and Dorsey's Motion for Summary Judgment [Doc. 53] is **DENIED**.

## FACTS & PROCEDURAL HISTORY

Dorsey inquired about employment with Boise Cascade, L.L.C. ("Boise"), sometime between late June and early July of 2011.[2] On August 16, 2011, the plaintiff received a call from Boise to attend a new employee orientation that was to take place on August 19, 2011.[3] Dorsey attended orientation and was given an employment application by a representative of Protemp Staffing Solutions, Inc. ("Protemp").[4] After orientation ended, Dorsey was told that he was hired, and placed on a 90-day probationary period, after which he would be eligible to become a full-time employee.[5] The plaintiff began working at Boise as a utility worker for the facility's "green end" on August 22, 2011.[6]

On September 21, 2011, the plaintiff was injured while assisting a shift operator in the repair of a clogged wood chipping machine.[7] The exact nature of the accident is not entirely clear, but it aggravated Dorsey's preexisting back injuries.[8] The plaintiff notified his on-duty supervisor, "Mr. Greg," of the accident, who instructed him to "take it easy" for the rest of the day.[9] No "Work Injury Report" was filed for the incident.[10]

The following day, Dorsey continued to experience pain from the injury, and he called Boise to explain that he could not work.[11] Dorsey then spoke with Boise's Human Resources

---

[2] Compl. [Doc. 1], at 4.
[3] *Id.* at 5.
[4] *Id.* at 6.
[5] *Id.* at 9.
[6] *Id.* at 12.
[7] Compl. [Doc. 1], at 13.
[8] *Id.* at 13-14.
[9] *Id.* at 14.
[10] *Id.*
[11] Boise Cascade, LLC's Statement of Undisputed Facts on Mot. for Summ. J. [Doc. 46-2], at 3.

2

Director about his injury and absence from work.[12] Later that afternoon, on September 22, 2011, Mr. Jerry Fryer, manager of Protemp, called Dorsey and told him that he was no longer employed at Boise because he failed to report for work that day.[13]

Dorsey contacted his family physician who instructed him to go to an emergency room for treatment.[14] He did not receive treatment until October 25, 2011, when he states that herniated disks in his mid-back and neck as well as a degenerative disc in his lower back were discovered.[15] Since the accident, Dorsey has not worked because of his back pain; however, he has been recently cleared for "light duty work with restrictions" at home.[16]

After his termination, Dorsey lodged complaints with the Equal Employment Opportunity Commission ("EEOC") against Protemp and Boise.[17] On September 10, 2013, the EEOC issued a Dismissal and Notice of Rights[18] advising Dorsey that the EEOC was closing its file on Dorsey's claim against Boise due to the lack of an employer-employee relationship.[19] On the same date, the EEOC issued a similar notice as to the claim against Protemp which stated that EEOC was unable to conclude that a statutory violation occurred.[20]

Dorsey filed suit against Boise, Protemp, "and their attorneys" on October 7, 2013.[21] In his complaint, Dorsey alleges that the defendants committed violations of the Americans with Disabilities Act ("ADA"), and Section 706 of the Civil Rights Act of 1964.[22] Dorsey

---

[12] *Id.*
[13] *Id.*
[14] Compl. [Doc. 1], at 19.
[15] *Id.*
[16] Pl.'s Reply to Defs.' Joint Reply Mem. in Supp. of Mot. for Summ. J and Opp. To Pl.'s Mot. for Summ. J. [Doc. 60], at 2.
[17] Compl. [Doc. 1], at 13; *see also* Charge of Discrimination against Boise, Jan. 13, 2012 [Doc. 1-1], at 2; Charge of Discrimination against Protemp, July 9, 2012 [Doc. 1-1], at 4.
[18] *See* Dismissal and Notice of Rights, Sept. 10, 2013 [Doc. 1-1], at 1.
[19] *Id.*
[20] *See* Dismissal and Notice of Rights, Sept. 10, 2013 [Doc. 1-1], at 3.
[21] See generally Compl. [Doc. 1].
[22] *Id.* Because Section 706 prescribes the procedure for bringing an allegation under the ADA, it appears that all of Dorsey's claims are rooted in the ADA. *See* 42 U.S.C. § 2000e-5.

specifically alleges that he was wrongfully discharged due to injuries sustained while working for Protemp at Boise, which aggravated his preexisting neck and back pain.[23]

B. Gerald Weeks, the attorney for Protemp, was dismissed as a defendant from the case on August 1, 2014.[24] The remaining defendants are Boise and Protemp. On July 1, 2014, Boise filed a motion for summary judgment, and Protemp filed a motion for summary judgment on July 16, 2014.[25] Dorsey replied to the motions for summary judgment on July 29, 2014, and he moved for summary judgment at the same time.[26]

## LAW & ANALYSIS

### I. Summary Judgment Standard

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.,* No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.,* No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co.*

---

[23] *Id.* at 19.
[24] Order on Mot. to Dismiss for Failure to State a Claim [Doc. 55].
[25] Boise Cascade, LLC's Mot. for Summ. J. [Doc. 46]; B. Gerald Weeks & Protemp Staffing Solutions, Inc.'s Joint Mots. For Summ. J. [Doc. 48].
[26] Mot. to Dismiss Pl.'s Mot. to Dismiss Defs.' Joint Mot. for Summ. J. [Doc. 53].

*v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

**II.    Dorsey's Claims under the Americans with Disabilities Act**

Dorsey has brought claims for intentional discrimination and failure to accommodate under the ADA. The claim of intentional discrimination will be addressed first. The claim of failure to accommodate will follow.

**A. Intentional Discrimination**

The ADA prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" is an individual with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8).

To satisfy a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) he suffers from a disability; (2) he is qualified for the job; (3) he was subject to an adverse employment action; and (4) he was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Milton v. Texas Dept. of Criminal Justice,* 707 F.3d 570, 573 (5th Cir. 2013) (citing *Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 396 (5th Cir. 1995)). After the plaintiff establishes his *prima facie* case, the burden shifts to the defendant-employer to articulate a "legitimate, non-discriminatory reason" for the adverse employment action. *McInnis v. Alamo Cmty. Coll. Dist.,* 207 F.3d 276, 280 (5th Cir. 2000). "Once the employer articulates such a reason, the burden shifts back to the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination." *Id.*

Boise and Protemp premise their motions for summary judgment on the assertion that Dorsey is not a qualified individual under the ADA.[27] To avoid summary judgment this issue, Dorsey needs to show that (1) he could perform the essential functions of his job in spite of his disability or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job. *Turco v. Hoechst Celanese Corp.,* 101 F.3d 1090, 1093 (5th Cir. 1996) (citing *Chandler v. City of Dallas,* 2 F.3d 1385, 1393 (5th Cir. 1993)). An employee's factual statements that he was unable to perform his essential job duties at the time of the adverse employment action entitle the employer to summary judgment, absent a showing that reasonable accommodations were possible. *Bell v. Hercules Liftboat Co., L.L.C.,* 524 Fed.Appx. 64, 68 (5th Cir. 2013) (unpublished) (citing *Reed v. Petroleum Helicopters, Inc.,* 218 F.3d 477, 479-80 (5th Cir. 2000)).

A job function may be considered essential for a number of different reasons, including (1) because the position exists to perform that function; (2) because there are only a limited number of employees available among whom performance of that job may be distributed; and/or (3) because the function is highly specialized. *Burch v. City of Nacogdoches,* 175, F.3d 615, 619 n. 9 (5th Cir. 1999) (citing 29 C.F.R. § 1630.2(n)(2)). An essential element of any job is an ability to appear for work. *Rogers v. Int'l Marine Terminals, Inc.,* 87 F.3d 755, 759 (5th Cir. 1996) (citing *Carr v. Reno,* 23 F.3d 525, 530 (D.C. Cir. 1994)).

Dorsey was hired as a utility worker, and his essential job functions were raking and shoveling chips of plywood into piles and using an air blower.[28] During his deposition on June 12, 2014, Dorsey stated that his back injury kept him from working in any capacity and that he did not think that there was anything that anyone could do to create a job that he could perform

---

[27] *See* Boise Cacade, LLC's Mot. for Summ. J. [Doc. 46], at 1; and B. Gerald Weeks and Protemp Staffing Solutions, Inc.'s Joint Mots. For Summ. J. [Doc. 48], at 1.
[28] Defs.' Ex. 1 Dorsey Worker's Compensation Depo. [Doc. 46-3], at 3-6.

in his current condition.[29] Dorsey also acknowledged that he applied for total disability under social security and that his doctors thought he was totally disabled.[30]

However, in a *sur* reply filed in August 2014, Dorsey announced that he is now ready to return to employment doing "light duty work with restrictions" at home.[31] Then, in another filing on September 22, 2014, Dorsey included a 2013 decision from the Department of Children and Family Services that contained testimony that Dorsey was able to "sit up 8 hours per day, stand up to 2 hours, walk up to 5 hours, push and pull up to 40 lbs, carry up to 20 lbs, and lift up to 25 lbs."[32] There is, however, no evidence that Dorsey was able to perform essential job functions on the date of his termination in spite of his disability. Neither whether Dorsey is still totally disabled nor now ready to perform "light duty work" at home, viewed in the light most favorable to Dorsey, establishes that he could perform the essential functions of the job in spite of his disability on the date of the adverse employment action.

Dorsey has also failed to meet his burden of showing that there were reasonable accommodations available that would have allowed Dorsey to perform the essential functions of his job. "Reasonable accommodation," as defined by the ADA, includes (1) making existing facilities used by employees readily accessible to and usable by persons with disabilities; and (2) job restructuring, part-time or modified work schedules, or reassignment to a vacant position. 42 U.S.C. § 12111(9). However, the ADA "'does not require an employer to relieve an employee of any essential function of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so.'" *Cooper v. United Parcel Service, Inc.*, 368 Fed.Appx. 469, 476 (5th Cir. 2010) (quoting *Burch*, 174 F.3d at 621). Reasonable

---

[29] Defs.' Ex. 2 Dorsey Deposition [Doc. 46-4], at 2-3.
[30] *Id.* at 6.
[31] Pl.'s Reply to Defs.' Joint Reply Mem. in Supp. of Mot. for Summ. J. and Opp. To Pl.'s Mot. for Summ. J. [Doc. 60], at 2.
[32] Pl.'s Ex. 1Recommended Decision & Order [Doc. 70-1], at 5

7

368 Fed.Appx. 469, 476 (5th Cir. 2010) (quoting *Burch*, 174 F.3d at 621). Reasonable accommodation does not include allowing an employee to "enjoy indefinite leave." *Rogers*, 87 F.3d at 759-60 (citing *Myers v. Hose,* 50 F.3d 278, 283 (4th Cir. 1995)).

According to Dorsey's testimony at deposition, there were no accommodations available that would have allowed him to work in any capacity, including in his former position at Boise.[33] Dorsey has indicated that he is now ready to return to "light duty work" from home.[34] This seems to be a request for an accommodation in the form of a reassignment. However, for a reassignment to be reasonable, the position must first exist and be vacant. *Foreman v. Babcock & Wilcox Co.,* 117 F.3d 800, 810 (5th Cir. 1997). An employer is not required to create light duty jobs to accommodate disabled employees. *Id.* at 809. The burden is on the plaintiff to show that such a position exists and that the plaintiff is qualified for that position. *See id.* at 810.

Dorsey has not satisfied this showing. Therefore, Dorsey has not established his *prima facie* case for intentional discrimination under the ADA and has presented no genuine issue of material fact that would preclude summary judgment in favor of the defendants on this claim. For the same reasons, summary judgment in favor of Dorsey would also be inappropriate because he has failed to meet his burden.

### B. Failure to Accommodate

Discrimination also includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship." *Id.* § 12112(b)(5)(A). To prevail on a failure-to-accommodate claim, the plaintiff must prove: "(1) the plaintiff is a 'qualified individual with a disability'; (2) the disability with its

---

[33] Defs.' Ex. 2 Dorsey Deposition [Doc. 46-4], at 2-3.
[34] Pl.'s Reply to Defs.' Joint Reply Mem. in Supp. of Mot. for Summ. J and Opp. To Pl.'s Mot. for Summ. J. [Doc. 60], at 2.

8

consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Neely v. PSEG Texas, Ltd. P'Ship,* 735 F.3d 242, 247 (5th Cir. 2013) (quoting *Feist v. La. Dep't of Justice, Office of the Att'y Gen.,* 740 F.3d 450, 452 (5th Cir. 2013)). An employee who requests the opportunity to return to an unmodified, previously-held position fails to state a cognizable claim of failure to accommodate. *Burch v. Coca-Cola Co.,* 119 F.3d 305, 314 (5th Cir. 1997). Additionally, failure of the plaintiff to request accommodation will preclude the plaintiff from establishing a *prima facie* case of failure to accommodate under the ADA. *Taylor v. Principal Fin. Grp. Inc.,* 93 F.3d 155, 163 (5th Cir. 1996).

There is no evidence that Dorsey has ever requested accommodation. Furthermore, as discussed in Section II.A., *supra*, Dorsey is not a qualified individual under the ADA. Therefore, he is also unable to establish a *prima facie* case of failure to accommodate. Accordingly,

**IT IS ORDERED** that Boise Cascade, LLC's Motion for Summary Judgment [Doc. 46] be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** Protemp Staffing Solutions, Inc.'s Motion for Summary Judgment [Doc. 48] be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that Carey Dwayne Dorsey's Motion for Summary Judgment [Doc. 53] be and hereby is **DENIED.**

Lake Charles, Louisiana, this 20 day of October, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE