IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 14-31257
Summary Calendar
_____

D.C. Docket No. 2:13-CV-2830

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2015

Lyle W. Cayce
Clerk

CAREY DWAYNE DORSEY,

    Plaintiff - Appellant

v.

BOISE CASCADE COMPANY, formerly known as Boise Cascade, L.L.C.; PROTEMP STAFFING SOLUTIONS, INCORPORATED; B. GERALD WEEKS,

    Defendants - Appellees

Appeals from the United States District Court for the
Western District of Louisiana, Lake Charles

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

Certified as a true copy and issued
as the mandate on **Oct 08, 2015**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 14-31257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2015

Lyle W. Cayce
Clerk

CAREY DWAYNE DORSEY,

                Plaintiff-Appellant

v.

BOISE CASCADE COMPANY, formerly known as Boise Cascade, L.L.C.;
PROTEMP STAFFING SOLUTIONS, INCORPORATED; B. GERALD
WEEKS

                Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-cv-2830

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Carey Dwayne Dorsey alleges that he was injured on the job. After receiving a right-to-sue letter from the EEOC, he brought suit pro se under the Americans with Disabilities Act ("ADA") for wrongful discharge and failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-31257    Document: 00513224824    Page: 2    Date Filed: 10/08/2015
Case 2:13-cv-02830-PM-KK   Document 80   Filed 10/08/15   Page 3 of 6 PageID #: 603

No. 14-31257

accommodate.[1] The district court granted summary judgment against Mr. Dorsey's claims, finding that he was not a "qualified individual" under the ADA and that no reasonable accommodation was possible. Mr. Dorsey appealed. We affirm.

Mr. Dorsey explains that he already had back injuries when he applied to work as an employee of Protemp Staffing at Boise Cascade Company's plant. He disclosed those injuries and was hired by Protemp and placed in a job which he was able to perform. Things went well at the plant until September 21, 2011, when he was asked to help clear a clogged chipper machine. As Mr. Dorsey explains it, the chipper machine suddenly began moving while he was using a long hook to remove plywood panels from it. The sudden restarting of the machine jerked Mr. Dorsey into the air. The jerk and fall onto the ground caused severe pain in his back and neck. He asked for medical help, but was told by a supervisor to stay on the job and just "take it easy." The next day, he called Boise to explain that he could not come to work due to the pain, and asked again for medical help. He was told to wait for a Boise representative to call him back. While doing so, he received a call from a Protemp representative who told him he was fired for not reporting to work that day, and showed no interest in the accident other than advising him to get a lawyer. When he contacted Boise again, he was told he had to deal with Protemp, his employer.

Mr. Dorsey's testimony and filings raise serious complaints about his treatment by Boise and Protemp, in whose service he was injured. However, as the district court found, Mr. Dorsey's ADA claims cannot survive summary judgment. The ADA protects certain "qualified individuals" from

---

[1] 42 U.S.C. § 12112(a) & (b) (5)(A). Mr. Dorsey's Complaint also referenced a claim for intentional discriminatory practices under 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5. As the district court found, however, these provisions combine to set out the procedure for making a claim under the ADA, rather than providing an additional claim.

Case: 14-31257     Document: 00513224824     Page: 3     Date Filed: 10/08/2015
Case 2:13-cv-02830-PM-KK   Document 80   Filed 10/08/15   Page 4 of 6 PageID #: 604

No. 14-31257

discrimination based on disability and affords them the right to reasonable accommodations.[2] "Qualified individuals" are those "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[3] Mr. Dorsey argues that he is a "qualified individual," but his pleadings establish that on the date of his September 2011 discharge, he could not go in to work due to the pain. He stated in sworn deposition testimony on June 1, 2012 in a related Worker's Compensation case that he could not perform any employment whatsoever due to his injuries. On June 12, 2014, Mr. Dorsey again agreed in deposition testimony that he could not "imagine that anyone could . . . create a job that [he] could do right now."

Mr. Dorsey's testimony makes it clear that at the time he was discharged and denied medical care by Boise and Protemp, he was unable to work, and that he remained unable to work for some time thereafter, no matter what accommodations were provided. A person who cannot do any work, let alone the particular work required for the job from which he was discharged, is not a "qualified individual" under the ADA.[4] The record suggests that Mr. Dorsey at some point in 2013 may have become able to do light work, but "[t]he relevant time for determining whether the plaintiff is a 'qualified individual with a disability' is at the time of discharge."[5] Moreover, "indefinite leave" until a worker recovers enough to work is not a reasonable accommodation.[6]

---

[2] 42 U.S.C. § 12112.

[3] *Id.* at § 12111(8).

[4] *Id.* ("The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.").

[5] *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 380 (6th Cir. 1998).

[6] *Rogers v. Intl. Marine Terminals, Inc.*, 87 F.3d 755, 759-60 (5th Cir. 1996).

No. 14-31257

The court recognizes the serious nature of Mr. Dorsey's complaint, but the ADA is simply not designed for a situation such as this, where a workplace accident injures a worker so severely that he is unable to continue working. Because Mr. Dorsey is not a "qualified individual," his ADA claims cannot survive summary judgment. Mr. Dorsey's motion for appointment of counsel is denied.[7]

AFFIRMED.

---

[7] *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (explaining that appointment of appellate counsel is appropriate only in "exceptional circumstances," and addressing factors to consider).

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

October 08, 2015

Mr. Tony R. Moore
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    **No. 14-31257     Carey Dorsey v. Boise Cascade Company, et al**
    USDC No. 2:13-CV-2830

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

    Sincerely,

    LYLE W. CAYCE, Clerk

    *Sabrina B. Short*
    By: _____
    Sabrina B. Short, Deputy Clerk
    504-310-7817

cc:
    Mr. Carey Dwayne Dorsey
    Mr. Keith M. Pyburn Jr.
    Mr. Lawrence Joseph Sorohan II
    Mr. B. Gerald Weeks